UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-01790-SVW-SSC | Date | July 31, 2025 |
|---|---|---|---|
| Title | *Beach District Surgery Center v. Salesforce, Inc. et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [11] AND DENYING DEFENDANT'S MOTION TO DISMISS [9]

## I. Introduction

Before the Court is a motion to dismiss brought by Defendant Salesforce, Inc. ("Defendant"). Defendant's Motion to Dismiss, ECF No. 9 ("Motion to Dismiss"). Also before the Court is a motion to remand brought by Plaintiff Beach District Surgery Center ("Plaintiff"). Plaintiff's Motion to Remand, ECF No. 11 ("Motion to Remand"). For the following reasons, the Motion to Remand is GRANTED and the Motion to Dismiss is DENIED.

## II. Factual and Procedural Background

Plaintiff is a California medical corporation that provided a surgical procedure to a patient identified only by their initials, C.S. ("Patient"). Complaint, ECF No. 1-1 ("Compl.") ¶¶ 1, 23. Patient had a health plan (the "Plan") issued by Defendant and administered by United Healthcare Services, Inc. ("UHS"). *Id*. ¶¶ 3, 8. Plaintiff's claims arise out of Defendant's alleged failure to make proper payments of amounts owed to Plaintiff for treatment and procedures Plaintiff provided to Patient. *Id*. ¶ 7.

Plaintiff is an out-of-network provider who has no provider agreement with Defendant. *Id*. ¶ 12. Insurers commonly promise to pay out-of-network providers the market rate (or a percentage of the market rate) for a procedure; this is referred to as the "usual, customary, and reasonable" amount, or UCR. *Id*. ¶

| | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-01790-SVW-SSC | Date | July 31, 2025 |
|---|---|---|---|
| Title | *Beach District Surgery Center v. Salesforce, Inc. et al* | | |

15. Defendant uses the term UCR in their policies and utilizes a medical bill database which is available to the public, allowing providers like Plaintiff to utilize the database to calculate the UCR amount for a given procedure. *Id*. ¶¶ 18-21.

Patient received a surgical procedure from Plaintiff on October 4, 2022. *Id*. ¶ 23. Before the procedure went forward, Plaintiff spoke to Defendant regarding the manner in which Plaintiff would be paid for services. *Id*. ¶ 24. In that call, Plaintiff asked Defendant whether it paid based on the UCR for the procedure to be administered to Patient, and Defendant confirmed that it did pay the UCR rate. *Id*. ¶¶ 28-29. Plaintiff also asked whether Defendant used a Medicare Fee Schedule to pay for the relevant procedure, and Defendant responded that its payment would not be based on Medicare. *Id*. ¶¶ 30-31.

After the procedure, Plaintiff submitted to Defendant, through UHS, a bill for $44,550, along with supporting operative reports, chart notes, and other medical records. *Id*. ¶¶ 39-40. Defendant processed the bill and paid $3,644.95 to Plaintiff, an amount based on Medicare, not the UCR amount. *Id*. ¶¶ 41-42. Based on the difference between this amount and the amount Defendant represented it would pay to Plaintiff in the phone call, Plaintiff on November 21, 2024 brought claims for negligent misrepresentation and promissory estoppel in state court. *Id*. ¶¶ 43-58.

On February 28, 2025, Defendant removed the case, asserting federal question jurisdiction on the basis that Plaintiff's claims were completely preempted by ERISA pursuant to ERISA § 502(a), codified at 29 U.S.C. § 1132(a). Notice of Removal, ECF No. 1 ("Notice"), at 2-3. Defendant asserts that the Plan is an ERISA health benefits plan and that Plaintiff's claims therefore could have been brought under ERISA § 502(a), making them completely preempted by ERISA and removable to this Court. *Id*. at 3-4.

### III. Legal Standard

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction when an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state

| | : | |
|---|---|---|
| | Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-01790-SVW-SSC | Date | July 31, 2025 |
|---|---|---|---|
| Title | *Beach District Surgery Center v. Salesforce, Inc. et al* | | |

court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise federal question jurisdiction, a federal court must find that the plaintiff's complaint contains an issue of federal law. *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989); *see also* 28 U.S.C. § 1331.

Remand may be granted for a defect in the removal procedure or for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A removing defendant bears the burden of establishing federal jurisdiction and proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the right of removal, courts must resolve that doubt in favor of remanding the action to state court. *Id.*

**IV.    Discussion**

The Court finds that Plaintiff's negligent misrepresentation and promissory estoppel claims are litigable under state law and not preempted under ERISA § 502(a). Therefore, the Court grants Plaintiff's motion to remand. Accordingly, the Court denies Defendant's motion to dismiss as moot. While the Court finds removal was improper, removal was not objectively unreasonable, and therefore the Court declines to award attorneys' fees to Plaintiff.

**A.    Defendant's removal of the case was proper only if Plaintiff's claims are completely preempted by ERISA.**

Under 28 U.S.C. § 1441, a case can be removed from state court to federal court if a plaintiff's well-pleaded complaint presents a federal question under 28 U.S.C. § 1331, or if diversity of citizenship exists under 28 U.S.C. § 1332.[1] *See, e.g., Hansen*, 891 F.2d 1384 at 1386, 1388. ERISA § 502(a) provides an exception to the "well-pleaded complaint" rule by allowing federal jurisdiction over state law causes of action when those causes of action are completely preempted by ERISA. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). Conflict preemption under ERISA § 514(a), while a defense to liability, does *not* provide a basis for federal question jurisdiction.

---

[1] Given that both parties are California-based entities, Defendant cannot argue, and does not argue, for the removal of this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Therefore, this Court only addresses whether removal is warranted based on federal question jurisdiction.

| | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-01790-SVW-SSC | Date | July 31, 2025 |
|---|---|---|---|
| Title | *Beach District Surgery Center v. Salesforce, Inc. et al* | | |

*Id*. at 949. If complete preemption under ERISA § 502 does not apply, then even if conflict preemption under ERISA § 514(a) exists, a federal district court is without subject matter jurisdiction. *Id*. at 945; *Los Angeles Sleep Stud. Inst. v. Anthem Blue Cross Life & Health Ins. Co.*, No. LA CV14-03545 JAK, 2014 WL 5421044, at *3 (C.D. Cal. Oct. 23, 2014) (affirming that a conflict preemption defense does not confer federal question jurisdiction).

Defendant removed Plaintiff's state court action on the basis of complete preemption under ERISA § 502(a). *See* Notice at 4. Therefore, in order to assess the presence of subject matter jurisdiction over Plaintiff's claims, the Court must assess whether Plaintiff's claims are completely preempted by ERISA.

**B.  Plaintiff's claims are not completely preempted.**

Complete preemption of a plaintiff's state law claims under ERISA § 502(a) is warranted only if the claims can satisfy the two-prong test set forth by the Supreme Court in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). Under this test, a state-law cause of action is completely preempted if (1) "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)" and (2) "where there is no other independent legal duty implicated by a defendant's actions[.]" *Davila*, 542 U.S. at 210. When asserting removal on the basis of complete preemption under ERISA, the defendant bears the burden to prove that both prongs of *Davila* are satisfied. *Marin*, 581 F.3d at 947 ("A state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied.").

The Ninth Circuit's opinion in *Marin* is greatly instructive as to the complete preemption issue in this case. In *Marin*, a hospital phoned an insurer to confirm that a patient had health insurance through an ERISA plan before performing a medical procedure on the patient. *Marin*, 581 F.3d at 943. The insurer orally verified the patient's coverage, authorized the patient's treatment by the hospital, and agreed to cover 90% of the patient's medical expenses. *Id.* After the hospital submitted its bill for the procedure to the insurer, the insurer paid the hospital only a small percentage of the total bill and sent a letter stating that the hospital was not entitled to further payment. *Id.* The hospital then brought California state law claims alleging breach of implied contract, breach of oral contract, negligent misrepresentation, quantum meruit, and estoppel against the insurer, attempting to enforce the phone conversation as an oral contract. *Id.* at 947.

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-01790-SVW-SSC | Date | July 31, 2025 |
|---|---|---|---|
| Title | *Beach District Surgery Center v. Salesforce, Inc. et al* | | |

The defendant removed the case to federal court, asserting that the plaintiff's claims were completely preempted under ERISA § 502 because the phone conversation upon which the Plaintiff's claims were based related to the patient's ERISA plan. *Id*. at 944, 948.

The Ninth Circuit clarified that *relation* to the ERISA plan is the test for conflict preemption under ERISA § 514(a). *Id.* Since conflict preemption is a defense, it does not provide a basis for federal question jurisdiction, meaning removal was improper. *Id.* at 945, 949. Because the plaintiff's claim was based on an alleged oral contract formed on the phone call rather than on the patient's ERISA plan itself, the Ninth Circuit found that the state law claims did not arise under the ERISA plan itself, and therefore could not have been brought under ERISA § 502(a)(1)(B), thereby failing the first prong of the *Davila* test and failing to provide a basis for federal jurisdiction. *Id.* at 947-49.

The facts of this case greatly resemble the facts in *Marin*, and compel the same conclusion reached by the Ninth Circuit in that case. Plaintiff and Defendant are alleged to have confirmed on a call that Patient would be treated by Plaintiff. Compl. ¶¶ 8, 24-25. Plaintiff alleges that an oral contract was created when the parties agreed that Defendant would pay Plaintiff for Patient's procedure using the UCR rate and further confirmed that the Medicare Fee Schedule would not be used for reimbursement. *Id*. ¶¶ 24-31. Plaintiff alleges that it relied on and provided services solely based on Defendant's statements, promises and representations from the call. *Id*. ¶¶ 24, 38.

Since all of Plaintiff's claims are alleged to have arisen out of the telephone conversation that formed an oral contract, Plaintiff could not have brought its claims under ERISA § 502(a)(1)(B), failing the first prong of the *Davila* test. Therefore, because Defendant has not shown that Plaintiff's claims can satisfy prong one of the *Davila* test, the Court finds that removal was improper and this case must be remanded to state court.

Defendant argues that *Marin* is inapposite here in light of the Ninth Circuit's holding in *Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*, 103 F.4th 597, 602 (9th Cir. 2024). However, *Bristol* is inapposite because the Ninth Circuit analyzed whether the Plaintiff's state-law claims were subject to *conflict* preemption under ERISA § 514(a), which as previously discussed, cannot confer subject matter jurisdiction. *See id*. at 602 (referring to "ERISA preemption defense" in the defendant's answer and citing 29 U.S.C. § 1144, ERISA's conflict preemption provision); *see also Emsurgcare v. UnitedHealthcare Ins. Co.*, 736 F. Supp. 3d 808, 815, 815 n.2 (C.D. Cal. 2024) (finding that *Bristol* only

| | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-01790-SVW-SSC | Date | July 31, 2025 |
|---|---|---|---|
| Title | *Beach District Surgery Center v. Salesforce, Inc. et al* | | |

involved conflict preemption and did not address complete preemption, meaning it was inapplicable to a motion to remand). Any argument based on *Bristol* is therefore unavailing.

In sum, while Plaintiff's claims, based on an alleged oral contract formed on a phone conversation, may relate to the ERISA plan at issue, they do not arise under the ERISA plan itself and therefore are not completely preempted by ERISA § 502(a). Therefore, no question of federal law appears in Plaintiff's complaint, and removal was improper, meaning remand must be granted.

    **C.**    **Plaintiff is not entitled to attorney's fees.**

In its motion to remand, Plaintiff seeks fees and costs associated with obtaining a remand. Pl.'s Reply in Supp. of Mot. to Remand, ECF No. 13 ("Reply"), at 8. A court may award costs and attorneys' fees under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal" and absent unusual circumstances. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Thus, where an objectively reasonable basis for removal existed, attorneys' fees should be denied. *Id.*

Plaintiff does not contend that any unusual circumstances were present; therefore, the Court may award Plaintiff attorneys' fees only if Defendant lacked an objectively reasonable basis for seeking removal. While the Court disagrees with Defendant's position, the Court cannot find that Defendant lacked an objectively reasonable basis for seeking removal. Defendant correctly notes that the *Bristol* opinion is somewhat vague as between conflict and complete preemption, even though the Court finds *Bristol* ultimately addressed conflict preemption and is therefore irrelevant. *See* ECF No. 12 at 14 (discussing multiple pending appeals regarding "arguments with respect to the narrow meaning of *Bristol*"). While the Court finds Defendant's reading of *Bristol* as relevant to complete preemption strained and ultimately incorrect, it does not rise to the steep level of "objectively unreasonable," and therefore awarding attorneys' fees would be inappropriate.

    **D.**    **Defendant's motion to dismiss is moot.**

Because the Court grants Plaintiff's motion to remand, Defendant's pending motion to dismiss is

| | : | |
|---|---|---|
| | Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-01790-SVW-SSC | Date | July 31, 2025 |
|---|---|---|---|
| Title | *Beach District Surgery Center v. Salesforce, Inc. et al* | | |

moot and therefore should be denied.[2]

**V.      Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED, and Defendant's Motion to Dismiss is DENIED. This case is remanded back to California state court.

**IT IS SO ORDERED.**

---

[2] Defendant asks in the alternative that the Court stay this case pending resolution of other appellate cases dealing with the vagueness Defendant asserts is present in *Bristol*. The Court finds that a stay is unwarranted and declines to impose one.

                                                                                                               :
                                                                    Initials of Preparer     DT